NICOLÁS ROSA FÉLIX, Plaintiff and Appellee, *v.* ACISCLO MEDINA CALDERÓN ET AL., Defendants and Appellants.

No. 199.     Decided November 26, 1963.

448

*Arcilio Alvarado* for appellants. *Obdulio Bauzá* and *Guillermo Bauzá* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

In November 1957 Nicolás Rosa actually and physically possessed in good faith and as owner, a small parcel of land which he operated, measuring 5.50 cuerdas in the ward of Jiménez of the Municipality of Río Grande. That parcel was surrounded by lands of a 22-cuerda property belonging to Acisclo Medina Calderón—the person who had granted to him his rights over that parcel—and by other properties of the ward, and it did not have its own exit to a public road. Medina Calderón had granted him the right-of-way through his property of 22 cuerdas and as far as the public highway known as El Verde, for the purposes of operating that parcel, for which reason during the 1955 and 1956 crop seasons Nicolás Rosa had transported the cane cultivated therein across the land of Medina Calderón.

As a result of acts performed by Alejandrino and Acisclo Medina Gómez, sons of Medina Calderón, which prevented all traffic through the 22-cuerda property to El Verde highway, Nicolás Rosa filed a civil action against Acisclo Medina

Calderón, his aforesaid two sons and against ten others of his children. The amended complaint filed in that suit was answered by practically all the defendants. The trial was held on June 11 and 12, 1959.

Judgment was rendered on the following July 16 sustaining the complaint, it being provided therein as follows:

"In view of the preceding findings of fact and conclusions of law, the complaint is sustained and defendants Acisclo Medina Gómez and Alejandrino Medina Gómez are hereby ordered to abstain from preventing plaintiff herein to enter or leave his property by the road referred to in this judgment. They are hereby ordered to eliminate the obstructions created therein by the fence erected; they may not install such fence in the place where it stands at present, either by themselves or through their family, employees, agents, lessees, assignees or tenants. They are further ordered to permit and not to interrupt plaintiff in the use of that road to transfer the crops and other produce from his farm to the road which leads to El Verde and across the whole length of that road.

"Defendants are hereby ordered to pay to plaintiff the sum of $3,000 for damages, plus the sum of $500 for attorney's fees, and the costs incurred by plaintiff as a result of this suit."

We have carefully read and analyzed the transcript of the evidence and the documentary evidence offered by both parties. The evidence as a whole admitted by the trial court establishes that the findings of fact made by the trial judge —not substantially challenged by appellants—clearly represent the most rational, fair and legal balance which may be made in the process of its weighing and evaluation.[1] Defendants-appellants did not move for reconsideration of the judgment, nor requested the formulation of new or additional findings, or the elimination or modification of those made.

The facts, events, and concurring circumstances are so clearly and accurately stated that we deem it convenient to

---

[1] It appears from the record that on March 14, 1959, the trial court inspected the properties involved in the controversy, the litigation having been decided by the same judge who made the inspection.

insert here the following findings of fact made by the trial court:

"Based on the evidence offered, the court finds proved the following facts:

"On July 10, 1954, Nicolás Rosa purchased from Acisclo Medina Calderón and his wife certain property in the ward of Jiménez of Río Grande, Puerto Rico. That property is equivalent to one-sixth part of another property of 33 cuerdas situated in the same ward. Although by deed No. 59, executed on July 10, 1954, before Notary Pedro N. Sánchez, an undivided interest of one-sixth part of the aforementioned property was sold to plaintiff, actually a property of 5½ cuerdas which is bounded on the north and east by lands of Acisclo Medina Calderón and his wife Juana Gómez was delivered to plaintiff.

"The only existing public road is that known as Carretera del Verde which extends from highway No. 3, from San Juan to Luquillo, as far as the Girl Scouts' Camp. This is a paved road of the Commonwealth of Puerto Rico.

"Acisclo Medina and his wife own a parcel of land which separates plaintiff's property from the aforementioned road.

"Plaintiff's property is fully devoted to sugarcane.

"When Acisclo Medina Calderón sold the same to plaintiff, he bound himself by the terms of the fourth clause of the deed of sale to grant a right-of-way through his property adjoining plaintiff's parcel, in order that the latter could take out the fruits and produce of his farm by such servitude.

"Long before the said deed of sale was executed there existed a road which, starting at the boundary of both parcels, extended through defendant's property as far as El Verde road.

"Prior to the execution of the aforesaid deed of sale, Acisclo Medina Gómez and his wife and Alejandrino Medina Gómez and his wife had constructed their respective residences on the property of Acisclo Medina Calderón.

"Both Acisclo Medina Gómez and Alejandrino Medina Gómez had knowledge of the transaction carried out by their parents with plaintiff, and knew for a fact of the existence of the road by which the cane was taken out from the property acquired by plaintiff.

"Subsequent to the filing of this complaint steps were taken in order to permit plaintiff to take out his cane through the property of plaintiff [sic].

"The place which Acisclo Medina Calderón and his wife claim should be used for these purposes is clearly inadequate. The lands of plaintiff's property and that of defendant are very rugged. There is a lowland between the property of plaintiff and that of defendant. This means that in order to take out cane from plaintiff's property, it is necessary to go down to the bottom and then upgrade as far as the road.

"After this complaint was filed steps were taken in order that defendant would permit plaintiff to take out the cane from his property until the court should decide this case.

"The place where defendant claims plaintiff should take out his cane is physically inadequate for such purpose.

"Codefendants Acisclo Medina Gómez and Alejandrino Medina Gómez have closed and fenced the only adequate exit which was always used as such to take out the produce from plaintiff's property.

"As a result of these acts of defendants, plaintiff has been unable to cut cane in the crop seasons corresponding to 1957–58 and 1958–59.

"On August 26, 1957, Acisclo Medina Calderón and his wife Juana Gómez executed before Notary Manuel Benítez Flores a deed of Segregation and Sale of a parcel of land of one cuerda from the main property in favor of Acisclo Medina Gómez and his wife, and on the same date Acisclo Medina Calderón and his wife Juana Gómez executed deed No. 16 before the same Notary, transferring in favor of their son, Alejandrino Medina Gómez, and his wife Adelina Villafañe, another parcel of one cuerda also segregated from the main property. The segregation of the said two parcels as independent properties included the area occupied by the road which gave plaintiff's property access to the highway.

"Defendants Acisclo Medina Gómez and Alejandrino Medina Gómez cultivate those parcels, including the portion of the road.

"The acts of defendants in closing the road and not permitting plaintiff to take out his produce from his farm to the road have caused him damages. The quota assigned by the Federal Agricultural Administration to plaintiff's parcel is 150 tons per crop season. In the crop seasons corresponding to 1955–56 and

1956–57, that parcel produced 150 tons of cane per crop season with a value of $1,500 each. Plaintiff has been unable to cut the cane for the years 1957–58 and 1958–59. The value of those crop seasons were estimated at $1,500, at the rate of 150 tons per year, making a total of $3,000 of damages sustained by plaintiff.

"Starting at the dividing line toward the road, there are apparent signs of a right-of-way which terminates at the point where codefendants Acisclo Medina Gómez and Alejandrino Medina Gómez have erected a barbed-wire fence.

"Acisclo Medina Calderón gave his express consent and bound himself by deed to permit plaintiff to use the road in controversy.

"Plaintiff held the possession of the road object of this controversy one year prior to the filing of the complaint.

"The road used by plaintiff is ten feet wide and runs all the way from the property of five cuerdas, through the main property of defendant which it separates, as far as the road leading to El Verde. It runs along the left-hand side of the house of José Medina Gómez, son of Acisclo Medina, and along the right-hand side of the houses of Alejandrino Medina and Acisclo Medina Gómez at a distance of approximately 250 meters from the house of Acisclo and 150 meters from the house of Alejandrino. These residences are located on the right-hand side of the road."

Appellants maintain that the trial court committed five errors. They allege that the first was committed "in denying the motion to dismiss the amended complaint," because "it was sought to base an action of injunction on an undefined right"; in other words, they contend that if pursuant to his written acquisitive title plaintiff was owner only of an interest equal to one-sixth part of the property of 33 cuerdas "held in undivided ownership jointly with other owners," as long as such indivision existed and a concrete and particular parcel of 5.50 cuerdas were not adjudicated to him in payment of his sixth part, and his vendor, codefendant Acisclo Medina Calderón, constituted on his property of 22 cuerdas a right-of-way in favor of the specific parcel of 5.50 cuerdas, he, individually, had no action to petition the courts

for recognition, protection and respect of his right to pass through the property of 22 cuerdas of Acisclo Medina Calderón.

■ Plaintiff does not exercise an action of revendication respecting a particular parcel of land which forms part of a main property having a larger area; nor respecting a question on the best title thereto; nor respecting one in which the plaintiff must first show a perfect acquisitive title to a specific and particular tenement. Plaintiff, as physical possessor in the belief that he is owner and in good faith since July 10, 1954, of a parcel of 5.50 cuerdas, without its own exit to a public highway, petitioned the court to be reinstated and respected in the use and enjoyment of a right granted to him at the time of the sale by his neighbor, codefendant Acisclo Medina Calderón, to pass by the latter's property from his parcel as far as the public highway, because defendants had violated such right and rendered impossible the exercise thereof by the wrongful acts described in the amended complaint.

It is correct that when purchasing his parcel of 5.50 cuerdas it was set forth in the deed of sale that there were transmitted to him "the said rights and actions without any limitation whatsoever," namely, those which are described in the recital of the First clause of that deed as follows:

"FIRST. Acisclo Medina Calderón and his wife Juana Gómez declare that they are owners of the actions and rights equal to one-sixth part of a rural property of Thirty-Three Cuerdas situated in the ward of Jiménez of Río Grande, Puerto Rico, and which they owned in undivided ownership jointly with other co-owners named Isaura, Basilia, Esperanza, Francisco and Miguel Quiñones Algarín, which property, as stated by the appearing parties, is duly parceled without their respective titles being adjudicated by public deed, wherefore it is potentially considered undivided for the purposes of this contract."

And it is also correct that in the said deed of sale the following was covenanted:

"FOURTH. The contracting parties stipulate that the parcel which will correspond extrajudicially to the actions and rights hereby sold after the division is made in a public deed, Acisclo Medina binds himself to grant a servitude of right-of-way through his property which will adjoin the parcel to be formed with the actions and rights herein transmitted to the Gabino-Rosa spouses."

However, it is also true that in the pleadings of the parties it was accepted that "the parcel belonging to the Gabino-Rosa spouses [incorrectly combined surnames of plaintiff and his wife] adjoins a parcel belonging to Acisclo Medina Calderón and Juana Gómez," and that, as correctly concluded by the trial court on the basis of the evidence heard:

"Although by deed No. 59 executed before Notary Pedro N. Sánchez on July 10, 1954, an undivided interest of one-sixth part of the aforementioned property was sold to plaintiff, actually there was delivered to plaintiff a property of five and one half cuerdas which is bounded on the north and east by lands of Acisclo Medina Calderón and his wife Juana Gómez."

And it was also fully established that since plaintiff acquired in 1954 his parcel of 5.50 cuerdas and until late in 1957, he had taken out from his parcel, uninterruptedly, with the express consent of Medina Calderón, through the latter's property, the cane cultivated and harvested in his parcel in 1955 and 1956, using a road on the property of Medina Calderón for all kinds of traffic necessary for the cultivation and operation of his parcel. See the testimonies of Acisclo Medina Calderón, pp. 54, 56, 59, 61, 62, and 63 of the Tr. of Ev.; Acisclo Medina Gómez, pp. 89, 92, 96, and 107 of the Tr. of Ev.; and Belén Villafañe, p. 121 of the Tr. of Ev.

In his amended complaint plaintiff alleged, among other things:

"3. The property described in the first paragraph of this complaint was affected by a right-of-way over defendants' property which adjoins that of plaintiffs and which is situated between the latter and the road.

"4. That that servitude of right-of-way (road) is the only exit of plaintiffs' property to that road, has been used for almost 20 years for taking out the cane, for the traffic of vehicles of all kinds and beasts.

"5. That one month ago defendants closed the road with two wire fences destroying the same, and paid no heed to plaintiffs' demands to abstain from closing it.

"6. That defendants' unlawful action has caused irreparable losses to plaintiffs and will not permit them to take out the cane for grinding in the next crop season."

In *Martínez et al.* v. *Soto*, 32 P.R.R. 559, 562 (1923), we held that where plaintiff's right has not been established at law, or is not clear, but is questioned on every ground on which he puts it, not only by the answer of the defendant but by proofs in the cause, he is not entitled to remedy by injunction. However, that is not the situation in the present appeal. Weighing as a whole the evidence of both parties, it may be asserted that they agreed or granted to plaintiff the right to pass over the property of Acisclo Medina Calderón as the shortest and more practical exit to a public highway and to be used in the same manner in which Medina Calderón had used it on his own farm of 22 cuerdas to take out the produce from the parcel of 5.50 cuerdas from the time he acquired it on August 9, 1943, until July 10, 1954, when he sold it to plaintiff.[2] According to that covenant,

---

[2] Medina Calderón testified in part:

"Q. When you made that contract of sale of that property of five cuerdas with Rosa Félix, did you talk about or did he tell you that it was necessary to specify the place through which he was going to take out his cane?

A. No, he did not ask me about taking it out; I myself told him to use that place.

Q. You told him to use that place, and that place is whose place?

the latter, without having been disturbed therein by any person until November 1957, used that right-of-way to take out the cane harvested in his parcel in 1955 and 1956 to a public highway and to tend to its cultivation. In the course of his testimony codefendant Acisclo Medina Calderón said that, notwithstanding in his answer he denied having granted the right-of-way, he had never prevented plaintiff from using it and that he was willing to permit him to continue taking out his cane across his property. (Tr. Ev. 66, 67 and 72.)

As real possessor of that right-of-way, plaintiff had the right to demand, "by the means established in the laws of procedure," to be protected and respected in the event he was disturbed therein. Section 375, Civil Code.

As owner of a property surrounded by others and having no exit to a public highway, he had the right to demand the right-of-way through the neighboring tenements—*id.* § 500—without having to indemnify the vendor—*id.* § 503—and particularly since the latter had bound himself in writing and verbally to grant him the right-of-way through his property.

The trial court did not therefore err in refusing to dismiss the amended complaint.

■ In their second assignment appellants maintain that the trial court erred in deciding the case as if it were an injunction to recover possession, failing "to decide the petition for injunction which it had under consideration." This assignment is without merit. Actually the action developed in the ordinary and usual manner. It was not accorded the special procedural treatment provided for injunction to recover possession, although the remedy granted is similar in part to that which may be provided in injunctions to recover

---

A. My place, where I took out the cane when I had it.
Q. That property, that of five cuerdas, have you owned it a long time?
A. No, I purchased that property from certain heirs." (Tr. Ev. 56.)

possession. On the other hand, we know of no legal provision prohibiting the granting, through ordinary proceedings, of the remedies provided by the special statute on injunctions to recover possession.

In their third assignment appellants maintain that it was error to impose upon them the payment of $3,000 for damages.

The grounds adduced are the following: (a) that the trial court treated this case as an injunction to recover possession in protecting a presumptive possessor, and that in an action such as this award of damages is not in order; (b) the award is solidary against all the defendants; and (c) the amended complaint did not contain any allegation of damages nor was the amount thereof stated therein.

■ We have already said that the action was prosecuted through ordinary proceedings. This is accepted by appellants in their petition for review—pp. 7 and 8. What plaintiff first sought therein was an urgent remedy for the purpose of restoring the former situation of the highway and preventing the repetition of further acts which would prevent him from taking out his cane which was ready to be cut, by the road previously agreed upon with Acisclo Medina Calderón. The prayer of the amended complaint urged "judgment granting a perpetual or permanent injunction against defendants . . . with any other pronouncement which may be proper at law." The trial was held in June 1959 when, as a result of the acts performed, plaintiff had ceased cutting his cane for two consecutive years. As a result, plaintiff presented evidence on the damages sustained, over defendants' objection. The latter did not move for continuance of the trial in order to offer evidence against that offered on the damages. When they were notified of the judgment awarding damages, they did not move for reconsideration. Thirty-four days elapsed from the close of the trial until

judgment was rendered, without defendants having offered any evidence in opposition to that on the damages offered by plaintiff.

In a situation of facts quite similar to that in the instant case, there arose the question as to whether damages could be awarded in an injunction suit, notwithstanding the lack of pleadings in the petition. We refer to *Torres* v. *Sucn. J. Serrallés*, 57 P.R.R. 532, 537 (1940), in which we said among other things:

"Respondent was not misled nor prejudiced in any way by petitioner's failure to amend the prayer of his petition so as to include damages. The brief for appellant adds little or nothing to the mild expression of opinion by respondent's counsel in the district court. It fails to satisfy us that the district court erred in awarding damages, notwithstanding the absence of a formal amendment; or that the error if any would justify a reversal. Nor, in the absence of any specific motion or request for an order requiring petitioner to specify in detail the damages sustained and the amount thereof, do we find any error in the omission of the court to direct such an amendment of the petition, or in not specifying in the judgment the different elements of damages and the amount of each item."

Bearing in mind the provisions of Rules 13.2, 13.4, 44.3 and 50 of the Rules of Civil Procedure, the fact that leave was granted to present evidence on the damages and that award was made in the judgment under the concurring circumstances, does not warrant the setting aside of the award made in this case. We believe, however, that the evidence offered merely showed an annual average loss of $650, that is, for each crop season, wherefore the damages actually sustained by plaintiff amounted to $1,300. The sum of $3,000 awarded for damages should be reduced to $1,300.

■ Appellants are right in challenging the solidary imposition of the payment of the damages awarded. It having been alleged and proved that the damages caused were the result of acts performed exclusively by codefendant brothers

Acisclo and Alejandrino Medina Gómez, they should have been ordered to pay them solidarily. The other codefendant brothers and their father, Acisclo Medina Calderón, against whom there is not the slightest evidence of interference with the rights of plaintiff, should be relieved from the imposition of the payment of damages.

■ The last assignments, fourth and fifth, relative to the erroneous weighing of the documentary and oral evidence presented by defendants and which are jointly discussed, are without merit. The findings of fact and the conclusions of law made by the trier clearly indicate that that evidence was correctly considered, appraised and weighed, and that it did not warrant a different ruling in the case.

Although there was conflict in the evidence respecting the location of the road, particularly on the stretch near the public highway, the trial judge decided the same in favor of plaintiff.

■ Acisclo Medina Calderón was not absolutely precluded by law from segregating from his property of 22 cuerdas two parcels of land with an area of one cuerda each and selling them at the prices prevailing 11 years ago, as set forth in the public deeds of August 26, 1957, to his two children Acisclo and Alejandrino, notwithstanding that the road used by plaintiff for taking out his cane ran through it. Assuming that for the purposes of such segregations compliance was had with the requirements of the Planning Act and its Regulations—a circumstance which was not established at the trial—even then Acisclo and Alejandrino were bound to respect the covenant of 1954 involving the road agreed upon by their father and plaintiff, because of their perfect and direct knowledge of the covenant and of the actual use of the road by the latter to take out his cane for two crop seasons. (Tr. Ev. 63, 106, 107.)

The judgment appealed from will be modified reducing to $1,300 the total amount of damages and imposing their

solidary payment exclusively on codefendants Acisclo and Alejandrino Medina Gómez; the other codefendants will be exonerated from payment of the damages and of the sum of $500 awarded for attorney's fees, but Acisclo and Alejandrino Medina Gómez shall pay solidarily this sum of $500 for attorney's fees; and as thus modified, it will be affirmed.